IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN PUCKETT, )
)
       **Plaintiff,** )
)
vs. ) Case No. 18−cv−1071−JPG
)
WEXFORD HEALTH CARE SOURCES, )
and )
VIPIN SHAH )
)
       **Defendants.**

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kevin Puckett, formerly an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages for deliberate indifference. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff injured his right shoulder and arm on November 4, 2017. (Doc. 1, p. 6). Plaintiff was given a medium sling and a lay-in permit, but he was not given a low-bunk permit. *Id*. Plaintiff saw Dr. Shah on November 7, 2017, at which time he requested a larger sling. (Doc. 1, p. 7). Plaintiff requested a larger sling because he's a large man, weighs 260 lbs., and was experiencing tingling in his fingers and shoulders due to the smallness of the sling. *Id*. Shah told Plaintiff he would order x-rays and a larger sling. *Id*. That evening, Plaintiff was climbing down from the top bunk when he slipped and fell to the floor, hitting his head and shoulder. *Id*.

Plaintiff was not called for x-rays until November 13, 2017. *Id*. Shah told Plaintiff on November 20, 2017 that the x-ray was negative and that the problem was largely arthritic. (Doc. 1, p. 8). Plaintiff alleges that Shah has a pattern or practice of diagnosing arthritis across the state at various institutions in order to cover up for Wexford Healthcare. (Doc. 1, pp. 8-9). Plaintiff saw 2 nurses on November 21, 2017; they informed him that slings were one-size-fits-all and that he would not be getting another sling or an MRI. (Doc. 1, p. 8). Plaintiff saw Shah again on December 11, 2017, and Shah told him that he did not need any more tests. *Id*. When Plaintiff showed him that he could not lift his right arm, Shah told him to start rehab. (Doc. 1, pp. 8-9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Shah was deliberately indifferent to Plaintiff's shoulder injury when he failed to order a low bunk permit, a larger sling, and/or further testing in violation of the Eighth Amendment;
>
> **Count 2** – Wexford has an unconstitutional policy or custom of incentivizing employees to provide less than adequate treatment to inmates so that cost considerations can be met and they can stay under budget in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has made a straightforward claim of deliberate indifference. At the pleading stages, the Court will presume that his shoulder injury constitutes a serious medical need. Furthermore, Plaintiff has alleged that Shah was deliberately indifferent to how his injury resolved and failed to take steps to diagnose and treat his injury. In fact, Plaintiff has alleged that Shah's failure to order a low bunk permit caused Plaintiff to fall out of his bunk, incurring further injury. Shah never diagnosed Plaintiff's problem or provided an adequate course of treatment. On these facts, Plaintiff has stated a deliberate indifference claim against Shah for failing to provide adequate treatment for his shoulder injury.

As to **Count 2** against Wexford, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that

the policy was the moving force behind the constitutional violation.  *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)).  A policy claim can include implicit policies or gaps in explicit policies.  *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Here Plaintiff has alleged that Wexford has a policy or custom of prioritizing cost considerations over medical care, and that Shah has acted pursuant to that policy on numerous occasions across the state of Illinois.  He has also alleged that the policy is the driving force behind the lack of medical care that he experienced.  On these facts, Plaintiff has stated a viable deliberate indifference claim against Wexford, and **Count 2** will be permitted to proceed against them.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel will be addressed by a United States Magistrate Judge.  (Doc. 3).  Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as **MOOT**, as the Federal Rules of Civil Procedure require the Court to order service for a litigant who, like Plaintiff, has already been granted leave to proceed IFP.  (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Wexford and Shah.  Plaintiff's Motion for Service of Process is **DENIED** as **MOOT**  (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Shah and Wexford:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: July 24, 2018**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**